UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETREUS A. KEAHEY, | ) | CASE NO.: 3:16CV1131 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| MARGARET BRADSHAW, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Demetreus Keahey. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Initially, the Court notes that Keahey has repeatedly expressed that the R&R erred when it

failed to analyze any of his claims under 28 U.S.C. § 2254(d)(2) which provides for relief in habeas if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Keahey, however, has wholly failed to demonstrate any unreasonable determination of the facts related to the evidence presented. Moreover, it appears that Keahey seeks to rely on an affidavit from the victim that was not presented in any state proceeding. Even if this Court were inclined to review and consider the affidavit, it does not alter the reasonableness of the state court fact finding. Rather, the affidavit contends that the victim was the aggressor in the altercation that led to Keahey's conviction. As Keahey's claim of self-defense was rejected because he had the opportunity to retreat, the affidavit does nothing to change the legal landscape.

Keahey next contends that the R&R erred when it found that Keahey had not cited to any clearly established federal law in support of his claim that his rights were violated when the jury was not instructed on self-defense. Consistent with the conclusion reached by the R&R. the Sixth Circuit has "found no Supreme Court case which holds that a criminal defendant's right to present a defense includes the right to a specific jury instruction." *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003) (abrogated on other grounds as recognized in *English v. Berghuis*, 529 Fed. Appx. 734 (6th Cir. 2013)). As such, the R&R properly concluded that Keahey had failed to identify any clearly established federal law that was violated when the state court denied his self-defense instruction.[1]

With respect to Ground Seven in his petition, Keahey raises the same argument with respect

---

1 The Court notes that is also clear from the record that fairminded jurists could disagree on the state court's adjudication, thus habeas relief is precluded. *See Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." (internal quotation marks omitted)). Given the state court record, jurists could reasonably conclude that Keahey had ample opportunity to retreat and was therefore not entitled to a self-defense jury instruction.

to the new affidavit from the victim that the Court addressed above. Keahey, however, packages the argument in a claim for ineffective assistance of counsel. Keahey asserts that failing to investigate this witness, Prince Hampton, was clearly prejudicial based upon the affidavit. Keahey also contends that failure to test the knife found on the scene for Hampton's DNA was also evidence of ineffective counsel.

When analyzing a *Strickland* claim under § 2254(d), our review is "'doubly deferential.'" *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009)). The key question "'is whether there is *any reasonable argument* that counsel satisfied Strickland's deferential standard.'" *Foust v. Houk*, 655 F.3d 524, 533–34 (6th Cir. 2011) (emphasis added) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011)). Here, as the R&R noted, the state court found that testing for Hampton's DNA would not have assisted Keahey in any manner. Proving that the knife belonged to Hampton would not have changed the conclusion with respect to Keahey ability to retreat, nor would it have demonstrated that Hampton had threatened Keahey. Finally, defense counsel's decision to not call the victim of Keahey's crime cannot be said to be ineffective. By Keahey's own admission, the victim had previously stabbed Keahey and the parties had an ongoing dispute based upon them both having children with the same woman. The fact that years later Keahey has been able to obtain an affidavit in which Hampton claims to have been the aggressor in their altercation does not alter this conclusion. As noted above, Hampton's status as an aggressor (or lack thereof) was not at issue when the trial court declined to give a self-defense instruction. As such, Keahey's objections to the R&R as it relates to this ground for relief lack merit.

Keahey next contends that the R&R erred when it found no error in his absence from portions of his trial. Keahey asserts that the trial judge interview a bailiff and a juror about a

conversation they had over the lunch hour. Once that interview was complete, the trial court allowed the state and Keahey's counsel to question each juror individually. Keahey's counsel waived his presence during these interviews. The state court concluded that Keahey had suffered no prejudice from his absence. In this matter, the R&R correctly concluded that Keahey had failed to establish that the brief interview by the trial judge was a critical stage of the proceeding such that his claim could succeed without a showing of prejudice. In fact, Keahey made no reference to any clearly established federal law that would support a claim that such a stage of the proceedings was in fact critical. As such, Keahey's objection on this ground for relief also lacks merit.

With respect to arguments related to a jury view, additional arguments regarding jury instructions, and notes from the jury, Keahey contends that the R&R's review was done in a summary fashion. Keahey, however, has not asserted any legal error in the R&R, and this Court is not required to fashion an argument on his behalf.

Keahey's next argument borders on frivolous when he contends that the R&R erred when it found there was sufficient evidence to convict him of discharging a firearm into an occupied structure. Keahey essentially contends that the state did not prove that he "knowingly" committed this offense. However, there is no dispute that Keahey intentionally fired his firearm repeatedly in a residential neighborhood. Under Ohio law, to prove that Keahey acted knowingly, the state was only required to prove that his conduct would "probably cause a certain result." Ohio Rev. Code. § 2901.22(B). There can be no doubt that repeatedly firing a firearm in the manner that Keahey did would probably result in stray bullets entering a residence. As such, he can maintain no claim that the evidence was insufficient to support his conviction.

Finally, Keahey contends the R&R erred in resolving his arguments regarding the failure

of his trial judge to recuse. As the R&R correctly notes, due process guarantees Keahey a judge with no actual bias against him. *Wiiliams v. Pennsylvania*, 136 S.Ct. 1899, 1905 (2016). The state court proceedings establish that the Keahey did not demonstrate any bias. Instead, Keahey then and now contends that the trial judge's tangential involvement in Keahey's conviction that occurred more than a decade prior to the current conviction required recusal. As the R&R properly concluded that Keahey's claim is dependent on a showing of actual bias, Keahey's objections lack merit.

I. **Conclusion**

Having found no merit to the objections raised by Keahey, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

So ordered.

October 4, 2018                  */s/ John R. Adams*
                                                           JUDGE JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE